IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PORTO TECHNOLOGY CO., LTD., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:15-cv-00457-JRG-RSP |
| APPLE INC., | § § | |
| Defendant. | § § | |

## **MEMORANDUM ORDER**

The Court, on March 10, 2016, held a hearing to address Defendant Apple Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. (Dkt. No. 29.) Apple asserts this case should be transferred to the Northern District of California. Plaintiff Porto Technology Co., Ltd. opposes transfer. The Court having considered the facts and arguments finds that transfer is warranted in this case.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

Apple presented evidence at the hearing that all party and third-party witnesses who have knowledge of the accused features are located in the Northern District of California. Porto did

not present meaningful countervailing or rebuttal evidence. The Court finds that this causes two factors to strongly favor transfer. First, because "[t]he convenience of the witnesses is probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342. Second, because the Northern District of California has the power to compel a third-parties to appear at trial and this Court does not. Fed. R. Civ. P. 45. The Court further finds that the remaining factors are neutral as to transfer.

A motion to transfer venue should be granted when the moving party shows one venue is "clearly more convenient" than another. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court has weighed the facts. The Court finds that the Northern District of California is "clearly more convenient." Apple's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Dkt. No. 29) is **GRANTED**. The clerk is directed to transfer this case to the Northern District of California.

**SIGNED this 11th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE